**SCHOOLER et al. v. BIRGE et al.**

Civil Action No. 40.

District Court, M. D. Tennessee, Nashville Division.

Aug. 27, 1943.

Jeff D. Fults, of Tracy City, Tenn., and W. C. Smith, of Jamestown, Tenn., for plaintiffs.

Ward R. Case and Robert F. Turner, both of Jamestown, Tenn., for defendants Gernt.

P. H. Thach, of Chattanooga, Tenn., for defendant Birge.

DAVIES, District Judge.

The cause was submitted upon the pleadings, evidence, exhibits, argument and briefs of counsel for plaintiffs and defendants, and after due consideration thereof, the Court enters its findings of fact and conclusions of law as follows:

Findings.

1. This is an action of ejectment, wherein the plaintiffs sue to recover from the defendants the possession of a tract of land described in the complaint as amended, as follows:

"Being Nicholas Schooler entry No. 485 dated March 13, 1830, Grant No. 5484 to Nicholas Schooler from the State of Tennessee, dated the 18th day of August 1837,

"Beginning on a wild cherry tree at Cherry's Old Still Camp on Long Creek, running thence east 1597 poles, crossing several branches to a stake; thence south 924 poles crossing several branches to a gum and two small hickories; thence west 1600 poles crossing Crooked Creek and six small branches to two white oaks; thence north 900 poles crossing Crooked Creek and several branches to a post oak; thence east three poles to the beginning."

2. The plaintiffs, except R. C. Schooler, are the descendants and heirs at law of the late Nicholas Schooler to whom Grant No. 5484 was issued; that said Nicholas Schooler died intestate in 1877 in the State of Kentucky; and that whatever interest the said Nicholas Schooler owned in said land at the time of his death passed by the law of descent to the said plaintiffs, except R. C. Schooler. That said R. C. Schooler is a son of the plaintiff, J. S. Schooler who is yet living, and he appears in this case as the agent and attorney in fact of all of the plaintiffs.

3. That Fentress County Entry No. 485 by its terms and the proof offered by plaintiffs in open Court is a special entry, and Grant No. 5484 based thereon relates back to the date of said Entry which was March 13, 1830, and said Grant is the superior title to the land which it embraces. The location of Grant No. 5484 is from the proof offered by the plaintiffs and the admissions of counsel for defendants in open Court as shown on the Map of B. C. Grayson, witness for plaintiffs, and filed as plaintiff's Exhibit No. 12, and also the maps exhibited by the defendants.

4. The defendant Walter W. Birge claims title to the land in controversy under so-called "McCormack Grants" that were not offered in evidence and were admitted by his counsel to be younger in date and inferior in title to the Schooler Grant No. 5484, under which the plaintiffs claim.

5. The defendants Walter Gernt, Arthur Gernt and Hugo Gernt, individually, and as Trustees of the Estate of Bruno Gernt, deceased, claim title to the land in controversy through a tax sale and tax deed, as evidenced by a tax deed by the Sheriff of Fentress County to one Abner Phillips, dated May 23, 1856, and recorded on October 4, 1856, in the Register's Office of Fentress County, Tennessee, in which county said land is situated. In said tax deed it appears that the land was sold for the collection of delinquent State and County taxes for the year 1847 in the name of Nicholas Schooler. That owing to the destruction of the records by the burning of the Court house of Fentress County, Tennessee, or their previous loss or destruction, the said tax deed cannot now be supported or controverted by the Court record, such record not now being available.

6. Said defendants claim title to the land sued for through said tax deed and two chains of title, as follows: (First Chain), (A1), a deed from J. C. Phillips and others, heirs of said Abner Phillips, to Wm. A. Hoskins dated July 7, 1871, and recorded December 7, 1874; (A2) a deed from Wm. A. Hoskins to James N. Clark, dated March 15, 1883, and recorded April 28, 1883; (A3) a deed from James N. Clark to Bruno Gernt, dated April 29, 1919, and recorded November 30, 1940; (A4) the will of Bruno Gernt to said defendants; and (Second Chain), (B1) a deed from S. V. Bowden, Clerk and Master of the Chancery Court of Fentress County, Tennessee, to Cyrus Clarke, dated January 1, 1872, and recorded February 14, 1872; (B2), a mortgage from Cyrus Clarke to A. L. Crawford, dated July 1, 1876, and recorded July 21st 1876; (B3) a foreclosure decree, dated April 4, 1881, and certified and recorded in the Register's Office October 15, 1898, vesting the title in A. L. Crawford, the purchaser at the foreclosure

sale; (B4) a deed from A. L. Crawford to James N. Clarke, dated February 23, 1883, and recorded April 11, 1883; (B5) a deed from James N. Clarke to Bruno Gernt, dated August 16, 1892, and recorded August 25, 1892; and then as in the first chain. That the deed from Bowden, Clerk and Master, to Cyrus Clarke is based on decrees of the Chancery Court of Fentress County wherein the personal estate of Abner Phillips was adjudged to be insolvent, and the land was sold to pay debts. That the said defendants claim and insist that said tax deed is valid, that it divested Nicholas Schooler of whatever title he may have had to the land in controversy, and that the same has passed to them by virtue of the conveyances listed.

7. The said defendants, the Gernts, also claim that the conveyances listed in the foregoing paragraph are colors of title, and that they and those through whom they claim title had been in actual adverse possession of the land in controversy, claiming under said deeds, for the statutory period of time, and so they have acquired title to the land by prescription, or, in any event, that the plaintiffs' action is barred by the statutes of limitation.

8. That Abner Phillips in his lifetime claimed to own the land in controversy; that he was probably in adverse occupation and cultivating a part of it; that in the settlement of his estate his widow was assigned a part of said land as her dower; and that he made a number of deeds to parts thereof for valuable considerations to persons who settled thereon where they lived and their families lived for many years.

9. The Court finds that James N. Clarke and Bruno Gernt sold and conveyed certain parts of said land, and that as a result of said sales there are a number of valuable farms within the boundary sued for apparently not now owned by either the plaintiffs or the defendants.

10. The defendants Walter Gernt, Arthur Gernt and Hugo Gernt, individually and as Trustees of the estate of Bruno Gernt, deceased, and their testator, have had parts of said land enclosed and cultivated by tenants, a number of whom were occupying the land, or parts of it, as such tenants, when this action was commenced; that said land is more valuable for its timber than for cultivation in its present location; and that said defendants placed saw mills and a planing mill, with houses for employees, thereon, and engaging in cutting and manufacturing the timber that stood thereon continuously from 1903 to 1910, and at intervals thereafter until 1938; that they drilled upon it for the discovery of oil and gas and also for coal; and altogether exercised such visible, open, exclusive, continuous domain and acts of ownership over said land, using it for the purposes for which it was adapted, for more than seven years, and more than twenty years, before this action was commenced.

### Conclusions.

11. The Court concludes that under the authority of the case of Sheafer v. Mitchell, 109 Tenn. 181, 199, 71 S.W. 86, and the decisions and statutes therein referred to and discussed, the said tax deed in question executed by the Sheriff of Fentress County to Abner Phillips is a valid tax deed and operated to transfer from Nicholas Schooler to Abner Phillips all of the title he had in and to the land in controversy. The Court is of the opinion that the plaintiffs' objection to said tax deed, and contention that it is void because it does not recite upon its face that the land had been duly reported for taxes, is not good in law under the facts of this case, because after the long lapse of years, more than eighty in this case, and in the absence of the record, it must be presumed that the Court had jurisdiction and made the order of sale recited in the tax deed upon proper authority. Said presumption is supported also by the fact that neither Nicholas Schooler or his descendants, the plaintiffs in this action, appear to have ever asserted any claim of title to said land or act of ownership thereover from the date of said tax deed down to about 1938, a short time before this action was commenced.

12. The Court is also of the opinion that the said defendants, the Gernts, and those through whom they claim, have proven adverse possession of the land in controversy of the requisite character, under the recorded color of title as hereinabove recited, for more than seven years before the commencement of this action, and that the said defendants, under Sections 8582 and 8586 of the Code of Tennessee, have established title to said land by prescription; and, also, that under Section 8584 of said Code, the plaintiffs' action, if any they ever had, is barred by statute of limitations.

13. For reasons given the Court concludes that the plaintiffs' action must be

dismissed, and that the plaintiffs and their surety on the cost bond should be taxed with all of the costs of the cause except such costs as had accrued up to June 2, 1942, and were on that date taxed against the defendant Walter W. Birge.

Judgment will be entered accordingly.